CARL M. HOLT *vs.* NEW ENGLAND TEL. & TEL. COMPANY.

Somerset. Opinion December 11, 1912.

*Acts. Agreement. Assumpsit. Breach of Contract. Conduct. Contract. Estoppel. Meeting of Stockholders. Shares. Stock. Waiver.*

Waiver is a voluntary relinquishment of a known right, benefit or advantage which would otherwise have been enjoyed.

It is essentially a matter of intention which may be proved by a course of acts and conduct, or by such neglect or failure to act as to induce the belief that it was the intention and purpose to waive.

Estoppel is a rule of law which prevents a party from asserting his rights when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth.

His conduct need not be characterized by an actual intent to mislead or deceive.

On exceptions by plaintiff. Overruled.

This is an action of assumpsit to recover the sum of five hundred dollars for an alleged breach of contract. The plaintiff alleges that on the 27th day of February, A. D. 1905, he entered into a contract to sell 351 shares of the capital stock of the Central Maine Telephone Company to the New England Telephone and Telegraph Company; that the contract contained the agreement by the Telephone Company that if it shall not within two years from the date of this agreement transfer to said Central Maine Telephone Company its plant and equipment connected with the operation of its present Telephone Exchange at Skowhegan, Maine, it will pay to said Holt five hundred dollars; that on the 14th day of March, 1905, he did transfer to the defendant the 351 shares as stipulated. At the annual meeting of the stockholders of the Central Maine Telephone Company, held at Fairfield, at which the plaintiff presided, and in which he was elected a director, and in which action was taken which provided for the transfer of the Central Maine, the plaintiff's own company, to the Maine Telephone and Telegraph Company.

The defendant pleaded the general issue with brief statement. At the conclusion of the evidence, the presiding Justice directed a verdict for the defendant and the plaintiff excepted.

The case is stated in the opinion.

*Gould & Lawrence,* for plaintiff.

*Norman L. Bassett,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

SPEAR, J.   This is an action of assumpsit in which the plaintiff seeks to recover $500.00 for an alleged breach of contract.  The plaintiff avers that he was the owner of three hundred and fifty-one shares of the capital stock of the Central Maine Telephone Company, a corporation organized under the laws of Maine and having a place of business at Skowhegan, Maine; that on the 27th day of February, 1905, he entered into a contract whereby he agreed to sell 351 shares, a majority of the capital stock of the Central Maine Telephone Company to the New England Telephone & Telegraph Company, also a corporation duly organized by law; that the contract contained the following stipulation: "It is further agreed by the Telephone Company that if it shall not within two years from the date of this agreement transfer to said Central Maine Telephone Company its plant and equipment connected with the operation of its present telephone exchange at Skowhegan, Maine, it will pay to said Holt the further sum of five hundred dollars ($500.00); that on the 14th day of March, 1905, he transferred to the defendant the 351 shares, as stipulated; and that in all other respects he did fully perform all the requirements of the contract of sale between himself and the defendant; but that the defendant, notwithstanding the plaintiff's compliance with all the terms of the contract, failed and refused to perform its agreement and promise contained in the written memorandum above set forth that, if it did not within two years from the date of the agreement transfer its equipment and exchange it would forfeit to the plaintiff the sum of $500.00.   All these allegations are admitted by the defendant, but are sought to be avoided upon the averment of waiver and estoppel.   We think this contention must prevail.

1. Waiver is a voluntary relinquishment of a known right, benefit or advantage which would otherwise have been enjoyed. *Berman* v. *The Fraternities H. & A. Assn.,* 107 Maine, 368. It is essentially a matter of intention which may be proved by a course of acts and conduct or by such neglect or failure to act as to induce the belief that it was the intention and purpose to waive. *Burnham* v. *Austin,* 105 Maine, 196. It is also a question of fact. *Libby* v. *Haley,* 91 Maine, 321.

2. Estoppel is a rule of law which prevents a party from asserting his rights when he has so conducted himself that it would be contrary to equity and good conscience for him to allege and prove the truth. His conduct need not be characterized by an actual intent to mislead or deceive. His acts, declarations or silence must be of such a character as to have the natural effect of influencing the person to whom it is addressed to do, or not to do, to his detriment, what he would not otherwise have done. *Rogers* v. *Portland & Brunswick St. Ry.,* 100 Maine, 86. Estoppel is a question of law. *Libby* v. *Haley,* supra. It will be seen from these rules that waiver is a voluntary relinquishment of a known right; yet, if a party without such intention by his conduct or silence, misleads the other party, he then is estopped.

Applying these familiar principles of law to the conduct, acts and necessary understanding of the plaintiff, touching the transaction of which he complains, we cannot avoid the conclusion that his attitude towards these proceedings, "all of which he saw, and a part of which he was," might well lead the defendant to the natural belief that he fully acquiesced in the result.

It appears that within two years from the date of the agreement the defendant had, with the knowledge and consent of the plaintiff, transferred its plant and equipment connected with the operation of its then existing telephone exchange at Skowhegan, Maine, to the Maine Telephone & Telegraph Company instead of the Central Maine Telephone Co., as was stipulated in that paragraph of the contract already quoted. Without going into the evidence in detail, it would seem that the plan of consolidation which had been conceived by the defendant company was finally consummated by this transfer. On May 10th, 1906, the annual meeting of the stock-

holders of the Central Maine Telephone Company was called at its office at Hinckley, Maine. This meeting was adjourned to May 24, 1906, at Hotel Gerald, Fairfield. The adjourned meeting was called to order by C. M. Holt, the plaintiff. A report of different officers was presented, and then directors for the succeeding year were chosen, of whom C. M. Holt, the plaintiff, was one. At this meeting, over which the plaintiff presided and in which he was elected a director, and in all the deliberations of which he took a part, action was taken which provided for the transfer of the Central Maine, the plaintiff's own company, to the Maine Tel. & Tel. Co., and contemplated the transfer of the defendant company's exchange at Skowhegan. The various votes which were passed to carry this consolidation into effect, covered in detail all the requirements necessary to fully consummate the purpose of the transaction. The plaintiff presided over the meeting during which were presented all the discussions, conversations, purposes and votes, calculated to consummate the reorganization, represented in this change in the original contract, and understood everything that was going on; yet he did not protest anything that was being done, never intimated that he did not approve of the scheme, nor hint that it was not perfectly satisfactory to him. He remained silent, although an active participant in the whole transaction from beginning to end. The transfer to the Maine Tel. & Tel. Co. operated to secure, to all parties interested, practically the same results as a transfer to the Central Maine would have done. He also fully participated in the accomplishment of the reorganization, after the stockholders' meeting was held, in pursuance of the action thereof.

We cannot avoid the conclusion that, by this silent acquiescence and active participation, the plaintiff waived his right under the original contract, or was estopped to assert it.

*Exceptions overruled.*