## JOHN MCLEAN'S CASE.

Suffolk.    January 18, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Notice, Filing claim.

Under the provision of St. 1911, c. 751, Part II, § 18, that a claim for compensation under the workmen's compensation act shall not be barred for want of notice "if it be shown that the association, subscriber or agent had knowledge of the injury," proof that the injured workman within three days from the time he received the injury gave oral notice of it to his foreman and that "a report of the injury to the employee was filed promptly by the subscriber," establishes knowledge of the subscriber which makes proof of notice unnecessary.

Ignorance by an injured workman of the requirement of St. 1911, c. 751, Part II, § 23, as added by St. 1912, c. 571, § 5, that a claim in writing for compensation shall be filed with the Industrial Accident Board within the six months prescribed by § 15, cannot be found to be a "mistake or other reasonable cause"

for the omission to file such a claim by one who had given oral notice of his injury to his foreman and a notice of it by letter to the insurer, in which he wrote, "If there is anything I should do please let me know as I don't know just what to do," and to which the insurer had answered, "You will, therefore, be obliged to present yourself at this office at an early date for the purpose of an examination" but did not mention any requirement as to filing a claim in writing with the Industrial Accident Board.

PIERCE, J.   The evidence warranted the finding of the Industrial Accident Board that the employee, John McLean, received a personal injury which arose out of and in the course of his employment on December 12, 1914, by reason of which he was incapacitated totally for work until April 15, 1915, and partially until July 1, 1915; that as a result of conditions arising from his accident and consequent inability to work, he went to his home in Nova Scotia on December 15, 1914; that before going he told his foreman, McDonald, that he was hurt and that McDonald said, "Yes I heard you did;" ("The record shows that a report of the injury to the employee was filed promptly by the subscriber") that after arriving at Merland, Nova Scotia, the employee, on January 16, 1915, sent a letter to the insurer, the Contractors Mutual Liability Insurance Company, which reads, "I wish to inform you while working for Blair & Co on the Subway job at Scolly Sq. that I fell and injured my spine and have been unable to work since. The accident occurred on Dec. 12th 1914 at 3 P.M. I went to the relief Hospital on that day also to Dr. T. F. Goulding M.D. Hotel Commonwealth. I will see you on my return to Boston when I am able to work. If there is any thing I should do please let me know as I don't know just what to do. I came to Nova Scotia after getting hurt as I could board cheaper than in the city;" that upon the receipt of the employee's letter the insurer, on January 29, 1915, made answer as follows: "We have your letter of January 16th advising us that you are unable to work on account of your injury of December 12th, while in the employ of I. Blair & Co. Under the Massachusetts act, we are entitled to have any injured employe examined at any time at our request. You will, therefore, be obliged to present yourself at this office at an early date for the purpose of an examination, otherwise any claim for compensation will not be recognized, and cannot be sustained in our courts;" that the employee on February 19, 1915, by letter replied, "I have received your letter of the 29th.

I appreciate you kindness for letting me know. I have been waiting to see if I would get improve some. I wish to know, if I go up to Boston, to be examined, will it be necessary for me to remain up there, as I much prefer living down here in the country. I feel better contented down here than rooming out in Boston all alone, while I am unable to work;" that the employee returned to Boston on June 1, 1915; that no claim for compensation ever was filed with the Industrial Accident Board or otherwise than in the above letter to the insurer dated January 16, 1915.

Upon the foregoing facts the insurer asked the Industrial Accident Board to rule:

"1. That there can be no compensation allowed in this case as the claim was not made within six months of the date of the accident.

"2. That the failure to make a claim within the period of six months was not occasioned by mistake or other reasonable cause.

"3. That the refusal of the employee to submit himself for examination is ground for forefeiting his compensation."

It also argues upon its brief that, "The notice to the foreman, McDonald, was insufficient, as he was a fellow employee. He was not an agent exercising superintendence, nor was he such an officer or agent as could receive notice."

We shall consider the argument and requests in reverse order.

The workmen's compensation act (St. 1911, c. 751, Part II, §§ 15, 18) provides, "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber as soon as practicable after the happening thereof," provided (§ 18) that "Want of notice shall not be a bar to proceedings under this act, if it be shown that the association, subscriber, or agent had knowledge of the injury."

The situation as regards notice to the foreman McDonald would seem to be identical to that presented in *Bloom's Case*, 222 Mass. 434.

In addition to the notice to the foreman, the fact must be found that the foreman communicated the notice given to him, from the fact that a report of the injury to the employee was filed promptly by the subscriber. Thus the knowledge of the subscriber is established.

The finding of the board that the employee "did not refuse the examination" and "did not obstruct same" was amply warranted by the evidence.

Indeed, it would be difficult, if not impossible, to arrive at another conclusion in view of the correspondence and particularly in consideration of the insurer's failure to reply to the letter of the employee dated February 19, 1915.

St. 1911, c. 751, Part II, § 23, as added to the workmen's compensation act by St. 1912, c. 571, § 5, provides that "The claim for compensation shall be in writing and shall state the time, place, cause and nature of the injury; it shall be signed by the person injured or by a person in his behalf . . . and shall be filed with the Industrial Accident Board. The failure to make a claim within the period prescribed by section fifteen shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause."

A claim was not filed with the board within the time limited in § 15 or ever thereafter. The employee gives no reason and offers no excuse for his failure to present his claim.

The board's finding of mistake on the part of the employee because of the insurer's failure to reply to the letter of February 19, 1915, finds no warrant in the testimony of the employee. There is no evidence that he thought the letter would serve as notice to the insurer or as a claim to the Industrial Accident Board. Nor are other facts evidenced from which it could rightly be found that there existed other reasonable cause for not filing the claim.

Ignorance of the statute's requirement is the only inference to be drawn from the facts that the employee gave notice to his foreman, gave formal notice to the insurer and failed to file with the Industrial Accident Board a claim for compensation within the six months required by law.

Ignorance of the statutory requirement is not a mistake within the meaning of the above exception. See *Roles* v. *Pascall & Sons*, [1911] 1 K. B. 982; *Griffiths* v. *Atkinson*, [1912] W. C. R. 277.

The case is to be recommitted to the Industrial Accident Board, where the employee may move for a hearing and for the introduction of further evidence upon the question of "reasonable cause,"

other than mistake for not filing the claim. If such motion is made and granted, and upon further hearing new facts are shown upon this point, the case is to be considered anew, upon all the evidence introduced by all parties. Otherwise, the rulings requested numbered 1 and 2 should be given.

*Decree * reversed.*
*So ordered.*

*J. F. Scannell,* for the insurer.

*T. L. Walsh & J. H. Walsh, Jr.,* for the employee, submitted a brief.

---

* Entered by order of *Wait,* J., affirming the decision of the Industrial Accident Board.