## MANUEL FELLS'S CASE.

Suffolk.   January 8, 1917. — March 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Workmen's Compensation Act. Words,* "Mistake."

An illiterate workman unable to read or write in English or to testify except through an interpreter, who was ignorant of the workmen's compensation act and its requirements and who, when injured in attempting to lift a heavy iron shaft, reported the accident to his foreman and supposed that his foreman or the doctor who was attending him would do whatever was necessary to protect his rights under the act but did not ask either of them to do it and was not informed that it would be done, is not excused from the requirement of St. 1911, c. 751, Part II, § 15, St. 1912, c. 571, § 5, that a claim for compensation shall be filed with the Industrial Accident Board within six months after the occurrence of the injury, as his failure to make a claim within the period prescribed by § 15 cannot be found to have been "occasioned by mistake or other reasonable cause."

A workman's ignorance of the law and of his rights and obligations under the workmen's compensation act cannot be found to have been a "mistake or other reasonable cause" whereby a failure to file a claim within the period prescribed by the act was occasioned.

Nor can such a workman's unfounded expectation that some one would fulfil the requirements of the law in his behalf be found to have been a "mistake or other reasonable cause" within the meaning of the statute, especially where there was no promise or assurance that this would be done.

APPEAL to the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the

Industrial Accident Board awarding $282.10 and a certain weekly compensation to Manuel Fells, who was injured in December, 1914, when in the employ of the Estes Mills at Fall River.

The case was heard by *Fox*, J. The facts found by the Industrial Accident Board and the material evidence reported by them are stated in the opinion. The judge ordered that a decree be entered in accordance with the decision of the board. From the decree entered in pursuance of this order the insurer appealed.

St. 1911, c. 751, Part II, § 15, is as follows: "No proceedings for compensation for an injury under this act shall be maintained unless a notice of the injury shall have been given to the association or subscriber as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same; or, in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity."

St. 1912, c. 571, § 5, is as follows: "Part II of said chapter seven hundred and fifty-one is hereby amended by adding at the end thereof a new section as follows: — Section 23. The claim for compensation shall be in writing and shall state the time, place, cause and nature of the injury; it shall be signed by the person injured or by a person in his behalf, or, in the event of his death, by his legal representative or by a person in his behalf, or by a person to whom payments may be due under this act or by a person in his behalf, and shall be filed with the Industrial Accident Board. The failure to make a claim within the period prescribed by section fifteen shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause."

*G. Gleason*, for the insurer.

*M. Pedro*, for the employee, submitted a brief.

CARROLL, J. The employee was injured, in the month of December, 1914, while helping Frank Martin, a "second hand," to lift an iron shaft weighing about four hundred pounds. Although no written notice of the time, place and cause of the injury was given, Martin reported the accident to the foreman, and it could have been found that the employer had knowledge of the accident. See *Murphy's Case*, ante, 60.

The employee worked three weeks after December 11, but from that time has been unable to work. No claim for compensation was made within six months after the occurrence of the injury as required by Part II, §§ 15, 23, of the workmen's compensation act. The claim for compensation was made September 30, 1915, more than nine months after the injury, in the form of a letter from the employee's doctor who had been treating him since January, 1915.

Compensation was awarded the plaintiff.

In order to recover under the workmen's compensation act, a written claim for compensation must be made within six months after the injury, unless it is found as a fact that the failure to make the claim was occasioned by "mistake or other reasonable cause." The question for decision is, whether there was any evidence to support the finding that the failure to make the claim within the statutory period was caused by mistake or other reasonable cause. The testimony shows that the plaintiff was illiterate, that he was unable to read or write in English, and spoke through an interpreter; that he was ignorant of the workmen's compensation law and its requirements, and although he supposed his foreman or the doctor who was attending him would do whatever was necessary to protect his rights under the act, he asked neither of them to do this and was not informed that it would be done.

If the Legislature thought it best when it amended the act (St. 1912, c. 571, § 5), it could have provided that a failure to file a claim within six months would not bar proceedings under the act if occasioned by ignorance, mistake or other reasonable cause. But it apparently did not consider ignorance a sufficient excuse for this delay. It required the employee who neglected to file the claim to establish some mistake or other reasonable cause, as a reason for not complying with this requirement of the act. It has been decided in a recent case that mere ignorance of the law is not a mistake under St. 1912, c. 571, § 5. *McLean's Case*, 223 Mass. 342. "Mistake" is not identical with "ignorance," nor is the fact, that the injured person did not know of the workmen's compensation act or his rights and obligations under it, a reasonable cause under the statute for not making a claim for compensation within six months. As stated in a case under a similar statute, when referring to the fact that ignorance of the law constituted

neither mistake nor reasonable cause, "those words are intended to meet an entirely different class of case." *Roles* v. *Pascall & Sons*, [1911] 1 K. B. 982.

The employee said he thought Martin would make a claim for him and that the doctor was looking out for his interests. This was insufficient to show mistake or other reasonable cause. He did not ask the doctor or Martin to make a claim, and no promise was given him that either would do so. He had at most an expectation that "somebody was taking care of his interests." Without attempting to define the meaning of mistake or other reasonable cause, see *Carroll's Case*, 225 Mass. 203, a mere anticipation that some one will fulfil the law on behalf of the employee, especially where there is no promise or assurance that this will be done, is not a mistake or other reasonable cause within the meaning of these words as used in this section. See *Griffiths* v. *Atkinson*, 5 B. W. C. C. 345, 348.

Because the claim for compensation was not made within the time required by law, and because no mistake or other reasonable cause is shown, the decree must be reversed.

*So ordered.*