## BRACKETT'S CASE

### Cumberland.  September  9,  1927.

*Under the Workmen's Compensation Act an injury resulting from accident and which remains latent for more than thirty days may be sufficient ground of "mistake," within the meaning of the word as used in section 20 of the act, for failure to give notice of the accident as required in section 17.*

*Such notice must, however, be given within a reasonable time after the latent injury becomes apparent if claimant is to receive the benefit of the act.*

On appeal. On February 20, 1926, while in the employ of the Cabot Manufacturing Company at Brunswick, claimant received a severe strain in his right groin. He did not for a time consider it serious and gave no notice to his employer within thirty days. On July 27, 1926 he was informed that he had a hernia, and at once reported his condition to his employer. On October 9, 1926, claimant filed a petition for compensation which was awarded and an appeal taken. The question involved was as to whether the failure of claimant to give within thirty days from date of the accident a notice of his injury to his employer barred him from compensation.

Appeal dismissed. Decree below affirmed.

The case sufficiently appears in the opinion.

*Ellis L. Aldrich*, for claimant.

*Eben F. Littlefield and William B. Mahoney*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, PATTANGALL, JJ.

DUNN, J., concurring in the result.

PATTANGALL, J.    Appeal from decree in favor of claimant under Workmen's Compensation Act.

No question is raised as to the accident, the injury received, or that it arose out of and in the course of employment.   The sole issue is whether the failure to give notice of the accident as required by section 17 of the act was due to "mistake" within the meaning of the word as used in section 20.

The Commission so found and its finding, in that respect, involving a conclusion of law, is properly before this court for review.

The facts are not in dispute.   Claimant sustained a severe strain, in connection with his work, on February 20, 1926.   He suffered more or less temporary pain and was lame and sore for a few days, but in a weeks time all apparent ill effects of the accident had disappeared and he dismissed the matter from his mind.   He gave no notice of the accident to his employer during the following thirty days, nor did the employer have knowledge of it.

Four months later, he noticed a slight swelling in his groin, which by July 27 had increased sufficiently to alarm him.   He submitted himself to medical examination and was found to be suffering from right inguinal hernia.   He referred the injury back to the accident of February 20 and gave immediate notice of accident and injury to his employer.   Claim was presented to the Commission and a decree in his favor followed.   We think that the decree should be sustained.

Sec. 20 Chap. 50 R. S. 1916, identical with Sec. 20 Chap. 238, P. L. 1919, provides that "want of notice, shall not be a bar to proceedings under this act, if it be shown that the employer or his agent had knowledge of the injury or that failure to give such notice was due to accident, mistake or unforeseen cause."   So far as we are able to find, the compensation act of no other state than Maine, with the exception of Rhode Island, contains an exactly similar section.

The construction to be given the phrase "unforeseen cause" is discussed exhaustively in *Wardwell's Case*, 121 Me. 219 and in *Donahue* v. *Sherman Sons Co.*, 39 R. I. 373.   The doctrine of those cases

is adhered to in *Butts' Case* 125 Me. 245, and *Bartlett's Case* 125 Me. 377. But the weight to be given the word "mistake" has not been determined by this court or that of Rhode Island.

The word appears in the remedial section of the Massachusetts act and of the British act, and has been the subject of judicial construction in both jurisdictions.

The Massachusetts act provides that in case of accident notice must be given as soon as practicable and claims for compensation must be filed within six months. Delay is excusable if due to mistake or other reasonable cause. In *Carroll's Case* 225 Mass. 208, the court said "When the immediate result of a personal injury is apparently slight and for that reason the employee elects not to present a claim under this act and later on serious results caused by the injury come into existence, it may well be found that failure to make a claim within six months of the injury was occasioned by mistake."

The British act (1906) sec. 2 provides that "Proceedings shall not be maintainable unless notice of the accident has been given as soon as practicable after the happening thereof and before the workman has voluntarily left the employment in which he was injured and unless the claim for compensation has been made within six months from the occurrence of the accident * * * The want of notice not to have any effect, if such want is occasioned by mistake, absence from the United Kingdom or other reasonable cause."

In *Ellis* v. *Fairfield Ship Building Co. Ltd. VI B. W. C. C.* 317, quoting *Rankine* v. *Alloa Coal Co.* 41 Sc. L. R. 306; *Hoare* v. *Arding* 5 *B. W. C. C.* 36, *Egerton* v. *Moore* 5 *B. W. C. C.* 284 as authority, the position of the courts of Great Britain in this respect is summarized in the following language:

"If a man has an accident and honestly believes at the time that nothing serious has happened to him and therefore not conceiving that he has a good claim against his employer, makes no claim, but it afterwards appears that he had made a mistake in fact and really had been injured that may be—I do not say must be, because the question of time might enter into it—reasonable cause for his not making the claim within six months or not giving notice of the accident before he left the employment or, if one likes to use the other word, that his failure to give notice or make a claim, in such circumstances may be occasioned by mistake, in the sense of the statute, for

I think the words are exegetical of each other. It is mistake, absence or reasonable cause, that is to say, reasonable cause is ejusdem generis with mistake." The opinion quotes Lord Chief Justice Buckley as saying—"Let me instance what might be a mistake—assume a person who has sustained an injury which for the time being is latent. He does not know whether it is going to be serious or not. Under those circumstances he may lie under a mistake within the meaning of the act."

In discussing the provisions of section 20, in *Wardwell's Case*, supra, former Chief Justice Cornish said: "The legislature inserted this provision as to excuse for failure to comply with the strict thirty day limit, with a definite purpose and that purpose was to protect the legal rights of parties in meritorious cases when the facts should warrant it. It employed comprehensive and elastic terms to accomplish that purpose and to enable the court to grant relief from hardship and misfortune."

"Mistake," in this connection refers to a mistake of fact and not of law. L. R. A. 1916 A. 91; *McLean's Case* 223 Mass. 342; *Fell's Case* 226 Mass. 382.

"A mistake of fact takes place either when some fact which really exists is unknown or some fact is supposed to exist which really does not exist" *Scott* v. *Ford*, 78 Pac. 742 (Oregon) 3 Words and Phrases, 2nd Series 417.

When notice is excused by reason of the provisions of the remedial section of the statute, notice must be given within a reasonable time after the cause of delay is removed. *Bartlett's Case*, supra, *Carroll's Case*, supra. In the latter case the court said: "There is nothing in the act which provides when a claim must be filed in case it is found that the failure to make it within six months of the occurrence of the injury was occasioned by mistake. Under these circumstances, as a matter of construction of the act, the claim must be filed within a reasonable time after the mistake is discovered." Failure to observe this sound provision of law was fatal to claimant's case, in *Bartlett's Case*, supra, and in *Butts' Case*, supra.

In the light of these various authorities we believe that the correct rule by which the present case is to be measured may be stated as follows: When an accident results in an injury which remains latent for more than thirty days, the only immediate and perceptible result

of the accident being so trivial that the injured person does not regard it as of material consequence and is reasonably justified in reaching that conclusion, he may be excused, on the ground of mistake, within the meaning of the word as used in Sec. 20, for failure to give notice of the accident as required in Section 17, provided that notice is given within a reasonable time after the latent injury becomes apparent.

Such a rule is consistent with the letter and spirit and purpose of the act, is not in conflict with any previous decision of this court and appears to be amply supported by authority.

The present case fully satisfies its requirements.

*Appeal dismissed.*
*Decree below affirmed.*