JAMES A. WALLACE *vs.* BOOTH FISHERIES CORP.

Washington.     Opinion, January 22, 1938.

*Hubert E. Saunders,* for petitioner.
*Robinson & Richardson,* for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

MANSER, J.    Appeal from decree in favor of petitioner under the Workmen's Compensation Act.

The Industrial Accident Commissioner found that the petitioner sustained a compensable injury, which occurred on April 18, 1934 and which date is fixed by the commissioner as the date of incapacity. The defendant denies that any injury by accident was sustained. It is unnecessary to review the finding of fact in this respect as the appeal must be sustained bcause of errors of law upon other points.

R. S., Chap. 55, Sec. 32 provides:

"An employee's claim for compensation under this act shall be barred unless made to an employer within six months after the date of incapacity, and unless an agreement or a petition as provided in the preceding section shall be filed within one year after the date of the accident; provided, however, that

any time during which the employee is unable by reason of physical or mental incapacity to make said claim or file said petition shall not be included in the periods aforesaid."

The petitioner made no claim for compensation within six months after the date of incapacity and his petition for award of compensation was filed June 14, 1935, nearly two months after the statutory period of limitation had expired. There is no finding by the commissioner, and no evidence in the record of any waiver of these requirements. The commissioner found that the petitioner was totally incapacitated from performing his work for about three weeks, and partially incapacitated for a major portion of the time throughout the year and continuing thereafter. The commissioner further found that the physician employed by the petitioner "told the employee he would get better, and because of that opinion the employee kept trying to work as he could get work, and as he could perform it."

Then followed this ruling:

"Because the employee relied upon his physician's opinion that he would be all right he did not make his claim for compensation within six months after the date of incapacity, nor file his petition for award of compensation within the statutory limitation of one year after the date of the accident. The employee had a right to rely on the opinion of a reputable physician that he would be better and therefore, he did not have the mental capacity to decide he would not be better until a reasonable period of time had elapsed to show the contrary to be true."

With this ruling we can not agree. In the *Garbouska Case*, 124 Me., 404, 130 A., 180, our Court said:

"The words of the statute book are plain, positive and inexorable. Each limitation period for the beginning of proceedings is jurisdictional. It pertains to the remedy. The filing of an agreement or petition is action essential to the allowing of compensation. It is mandatory that the one or the other should be placed on record sufficiently early."

Thus is emphasized the necessity of compliance with the statute, unless the petitioner is excused by physical or mental incapacity. The petitioner knew he had received an injury. He knew that injury had resulted in his incapacity to perform his work. He is charged with knowledge that, if he sustained an accident arising out of and in the course of his employment, he was entitled to compensation upon compliance with the established rules of procedure.

In full possession of his mental faculties, he can not allow the statutory period of limitation to expire and then seek an award of benefits for disability existing during nine months of that period, and be excused for such non-action on the ground of mental incapacity to prosecute his rights, simply because he was led to believe "he would be better."

A man may delay making a testamentary disposition of his property because his physician advises him that his early demise is unlikely, but that does not render him mentally incapable of making a will.

A similar ruling was reviewed in *Thibodeau's Case*, 135 Me., 312, 196 A., 87, recently decided, and the Court therein spoke to the same effect.

*Appeal sustained.*