**BETHLEHEM STEEL CO. v. PARKER et al.**

No. 2842.

District Court, D. Maryland.

April 23, 1947.

Judgment Affirmed Aug. 27, 1947.

See 163 F.2d 334.

Ewing, Rouse & Morton and John G. Rouse Jr., all of Baltimore, Md., for Bethlehem Steel Co.

Bernard J. Flynn, U. S. Atty., for Deputy Commissioner.

Harry J. Dingle, both of Baltimore, Md., for claimant.

COLEMAN, District Judge.

This is a proceeding to review and set aside an award of a deputy Commissioner of the United States Employees' Compensation Commission, made under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950,

incl. That Act provides that "If not in accordance with law," a compensation order may be suspended or set aside, in whole or in part, after review by the Court, Sec. 21 (b), 33 U.S.C.A. § 921(b).

The claimant in the present case was found to have a temporary, total disability due to an injury to his right knee while engaged in repair work aboard a vessel in Baltimore Harbor, and the Deputy Commissioner allowed claimant compensation for the period of this disability pursuant to the provisions of the Act, together with reimbursement for his medical and hospital expenses and a fee to claimant's attorney. There is no dispute as to claimant's disability being of a type compensable under the Act, or as to the computation of the amount awarded him by the Deputy Commissioner, but the employer contends that the Deputy Commissioner was without authority under the Act to make any award to claimant, because claimant failed to give to the employer notice of his injury as required by the Act.

The testimony prestented to the Deputy Commissioner, in so far as it relates to the question of notice, is very fragmentary and somewhat ambiguous, but the following is not disputed: The injury to claimant occurred on May 4, 1945, but he treated it as trivial,—a minor sprain,—continued to work, gave no notice to his employer of his injury, and sought no medical aid until the middle of August. On September 25th, following advice given him in August by one of his employer's physicians, he subjected himself to examination by an orthopaedic surgeon, who found that claimant was suffering from a torn cartilage of the knee and recommended an operation. Then claimant realized that the trouble he was having with his knee was the result of the accident in May. His knee was operated upon October 25, 1945. He left the hospital on October 31st, but he gave no notice of his injury to his employer until December 17th.

The Act requires that "Notice of an injury * * * in respect of which compensation is payable under this chapter shall be given within thirty days after the date of such injury * * * (1) to the deputy commissioner in the compensation district in which such injury occurred and (2) to the employer." Then, after defining the character of the notice and the manner in which it shall be given, the Act further provides that "Failure to give such notice shall not bar any claim under this chapter (1) if the employer (or his agent in charge of the business in the place where the injury occurred) or the carrier had knowledge of the injury * * * and the deputy commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice, or (2) if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given; nor unless objection to such failure is raised before the deputy commissioner at the first hearing of a claim for compensation in respect of such injury or death." Section 12 (a) and (d), 33 U.S.C.A. § 912 (a) and (d).

■ It appears from the Deputy Commissioner's findings of fact that he assumed, and from the record of the proceedings before him, that counsel for the respective parties also assumed that the only point in issue regarding notice was whether claimant was excused for his failure to notify his employer before June 4, 1945, that is, before the expiration of the thirty-day limit provided by the statute. The Deputy Commissioner found that claimant was entitled to be excused, saying in his findings of fact "That upon being advised by the orthopaedist whom he consulted on September 24, 1945 that the torn semi-lunar cartilage was due to trauma, claimant then recalled the accident of May 4, 1945, and notified the employer; his failure to notify the employer within thirty days is excused for the reason that claimant was not aware of the cause of his disability until he had consulted the orthopaedic specialist; * * * ." However, the specific point which counsel for claimant now urges upon us is somewhat different from that urged upon the Deputy Commissioner, namely, that even though the Deputy Commissioner may, on the facts in the present case, have been justified in excusing claimant for his failure to notify his employer within the prescribed thirty days, claimant was, nevertheless, still required to give his employer notice *within a reasonable time after he learned the cause of his injury*, and that it was not reasonable to

wait, as claimant here did, nearly three months longer. In other words, counsel for the employer contends that once a claimant has been excused from giving notice within the thirty days, this does not mean that he is forever excused from notifying his employer.

Although, as just stated, this precise point was not presented to or argued before the Deputy Commissioner, nor, in fact, is it specifically presented in claimant's petition for review of the Deputy Commissioner's findings, nevertheless, we are of the opinion that since the question of insufficiency of the notice was raised before the Deputy Commissioner at the first (and only) hearing before him, and since the allegations in the petition for review are broad enough to embrace all phases of that question, we should treat the specific point as now properly before us for consideration.

 The Longshoremen's and Harbor Workers' Compensation Act being remedial legislation, is to be liberally construed to effectuate the basic purpose of the Act, which is to benefit employees embraced within its scope. Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; Travelers Insurance Co. v. Branham, 4 Cir., 136 F.2d 873. On the other hand, the provisions in the Act with respect to notice are for the purpose of giving protection to the employer and the insurer, so that they may be enabled (1) to investigate an accident at the earliest possible moment and thereby obtain such evidence as may be necessary to defeat false or fraudulent claims; and (2) to correct conditions that may have caused the accident, thereby decreasing the risks incident to, and improving the conditions of employment generally. However, the giving of the prescribed notice is not made an absolute requirement. It is dispensed with if the employer or the carrier had knowledge of the injury, and if the Deputy Commissioner determines that the employer or carrier has not been prejudiced by failure to give such notice. We construe the knowledge referred to in this part of Section 12 as being knowledge acquired *within* the thirty-day period. Also, the prescribed notice is not required if the Deputy Commissioner excuses failure to give it on the ground that there was some

satisfactory reason for not giving it; and in no event may the employer or carrier take advantage of the employee's failure unless the point is raised before the Deputy Commissioner at the first hearing.

There is no contention that the present case falls within the first exception, because there is no evidence that the employer or carrier had knowledge of claimant's injury within the thirty-day period. The Deputy Commissioner excused claimant's failure to give notice within the prescribed time on the ground that claimant was not aware of the cause of his disability until he had consulted the orthopaedic specialist, that is, not until September 24, 1945, nearly five months after the accident. Claimant gave no notice of his injury until nearly three months later, that is, not until December 17th. The Deputy Commissioner presumably treated this as sufficient notice under the circumstances, although it is not clear from the wording of his findings of fact, which we have previously quoted, whether he considered claimant was under an obligation to give *any* notice at all to his employer, since claimant was found to have been excused from giving notice within the prescribed thirty days. As we have stated, counsel for the employer contends that even though the Deputy Commissioner be held to have been justified in excusing claimant's failure to give the prescribed notice, claimant was nevertheless obligated to notify his employer *within a reasonable time after* claimant learned that his disability was the result of the accident, unless it appears that such later notice for some further "satisfactory reason" could not have been given.

There appears to be no reported case involving the Longshoremen's and Harbor Workers' Compensation Act in which the precise point now before us has been presented. However, there are two decisions involving that Act in which the facts are somewhat, but not closely analogous to those in the present case, namely, Hoage v. Employers' Liability Assurance Corporation, 62 App.D.C. 77, 64 F.2d 715, certiorari denied 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed. 554; and Hoage v. Royal Indemnity Co., 67 App. D.C. 142, 90 F.2d 387, certiorari denied 302 U.S. 736, 58 S.Ct. 122, 82 L.Ed. 569, rehearing denied 302 U.S. 778, 58 S.Ct. 270,

82 L.Ed. 602, both being decisions of the Court of Appeals for the District of Columbia.

Counsel for the employer in the present case places much reliance upon the first of these cases, contending that although the facts are different, it is nevertheless to be inferred from the Court's decision that notice of injury was required to be given within a reasonable time after claimant learned that his disability resulted from the accidental injury. All that the Court said in its opinion (Groner, Associate Justice) bearing upon the question of notice is contained in the following paragraph, 62 App.D.C. 77, 64 F.2d at page 718: "We likewise agree with the deputy commissioner that the failure on the part of the appellant Kerper to give the employer or insurance carrier notice of the injury within thirty days, as is required by section 12 of the act (33 U. S.C.A. § 912), was properly excusable in the circumstances. The deputy commissioner, in exercising the privilege the act confers, said it should be excused 'for the reason that the nature of the disability and its relation to the employment, was not known by the claimant, and was of such character that only expert medical opinion could establish the causal relation.' The evidence shows that Kerper's physician was not impressed with the seriousness of the injury and its probable consequences until nearly the end of December. The written notice required to be given was dated February 28, 1931, but the record tends to show that there was actual notice prior to this time. The statute (section 12 (d) (2), 33 U.S.C.A. § 912 (d) (2) provides that failure to give the notice shall not bar the claim 'if the deputy commissioner excuses such failure on the ground that for some satisfactory reason such notice could not be given.' It would be going very far to say that the reason given by the deputy commissioner for his action in excusing the failure was not a reasonable exercise of his discretion and judgment." The Court affirmed the Deputy Commissioner's finding that the compensable injury to claimant's leg, resulting in its amputation, had been due to exposure to intense cold while employed in a dairy plant, and had occurred December 4, 1930. However, as will be seen from our quotation from the Court's opinion, written notice was not given until February 28th. Nevertheless, as the Court pointed out, "the record tends to show that there was actual notice prior to" February 28, 1931. Thus it would appear that the Court's conclusion to the effect that the Deputy Commissioner was correct in excusing the claimant for failure to give the prescribed statutory notice, was placed, or could have been placed, on two grounds: (1) that notice in the prescribed written form, while given after the statutory thirty-day period had expired, was within a reasonable time under the circumstances,—less than sixty days thereafter; and (2) that prior to the time when this notice was given, claimant's employer had already been informed of the injury to claimant, although how much prior is not stated. The opinion and findings in the Court below are not reported.

In the later Hoage case, on the question of notice, it was contended that the prescribed thirty-day period ran from May 5, 1934, the date when claimant suffered a collapse in the course of his employment. It does not appear from the Court's opinion precisely when claimant gave formal notice of his alleged compensable injury, but it was not within thirty days of May 5, 1934. The Deputy Commissioner found that the delay was to be excused because within the thirty days the employer had knowledge of claimant's injury, and the employer's rights had not been prejudiced by reason of the failure of the claimant to make a formal report within the thirty days. On the question of notice, the Court merely had this to say (67 App.D.C. 142, 90 F.2d at page 391): "In respect to the second claim of the appellees, i.e., that the claimant failed to file a claim within 30 days as required by section 12 of the act, we need do no more than refer again to the case of Hoage v. Employers' Liability Assurance Corp., supra, in which case we passed upon a similar statement of facts and held that the claimant's failure to file a written notice of injury within 30 days was lawfully excused by the Deputy Commissioner."

It will thus be seen that the two cases just analyzed differ factually from the present case because in each of those cases the

employer was found to have had some knowledge of the injury some time prior to the notice given by the employee. Therefore, the precise question presented on the particular facts of the present case was not at issue. In neither of these cases is there a reported opinion of the lower Court.

Counsel for defendant, in addition to relying upon Hoage v. Employers' Liability Assurance Corporation, supra, contends that since the Longshoremen's and Harbor Workers' Compensation Act was modeled after the New York Workmen's Compensation statute, and since the provisions of the two Acts with respect to notice are substantially the same, the construction given to the corresponding provisions in the New York law should control in the present case.

■ It is true that the Federal Act is based largely on the New York law. See Employers' Liability Assurance Corp. v. Monahan, 1 Cir., 91 F.2d 130; Branham v. Terminal Shipping Co., 4 Cir., 136 F.2d 655. Also, it may be reasonable to infer from the pertinent New York decisions, including a rather recent one, De Stefano v. Colgate-Palmolive-Peet Co., 265 App.Div. 896, 37 N.Y.S.2d 991, upon which counsel for the employer in the present case relies, that even though failure to give the prescribed statutory notice may be excused, nevertheless, notice must still be given within a reasonable time after justification for delay is removed; although we have been referred to no New York case which expressly so decides.

In other States, under their respective workmen's compensation laws, the general rule likewise seems to be that even though failure to give the notice prescribed is excused, nevertheless, notice must be given within a reasonable time after the cause of the delay has been removed. See Brackett's Case, 126 Me. 365, 138 A. 557; Bartlett's Case, 125 Me. 374, 134 A. 163; Carroll's Case, 225 Mass. 203, 114 N.E. 285, 287; Crowley's Case, 287 Mass. 367, 191 N.E. 668; Clausen v. Minnesota Steel Co., 186 Minn. 80, 242 N.W. 397; Texas Employers' Insurance Association v. Clark, Tex.Civ. App., 23 S.W.2d 405. However, the statutory provisions with respect to notice in the various comparable State laws are not identical with those in the Federal law and,

therefore, these decisions are not to be taken as controlling precedent in the present case. For example, in Re Carroll, supra, the applicable Massachusetts statutory provision required that notice of the injury be given "as soon as practicable after the happening thereof", and no injury was compensable "unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same. * * * The failure to make a claim within the period prescribed * * * shall not be a bar to the maintenance of proceedings under this act if it is found that it was occasioned by mistake or other reasonable cause." St. 1911, c. 751, St. 1912, c. 571, § 5. In that case, the Court said (225 Mass. 203, 114 N.E. at page 287) : "The only provision of the act is that the failure to make a claim within six months of the occurrence of the injury 'shall not be a bar to the maintenance of proceedings under this act if it be found that it was occasioned by mistake or other reasonable cause.' There is nothing in the act which provides when a claim must be filed in case it is found that the failure to make it within six months of the occurrence of the injury was occasioned by mistake. *Under these circumstances as matter of construction of the act the claim must be filed within a reasonable time after the mistake is discovered, and in deciding what is a reasonable time all the circumstances of the case including the rights of the insurer as well as the rights of the petitioner are to be taken into account."* (Emphasis supplied.)

■ Although, because of variation in facts and in the statutory provisions, none of these State decisions to which we have been referred is to be treated as direct precedent, nevertheless, we have no fault to find with the rule as generally expressed in these decisions. In fact, we believe that such a rule, succinctly stated in Re Carroll, supra, is sound and applicable to the present situation; but we cannot agree with the contention of counsel for the employer that, if so applied, it has not been substantially met by claimant.

■ It is not unreasonable to infer that the Deputy Commissioner meant in his findings in the present case that claimant was

relieved of the obligation to give *any* notice to his employer, when the Deputy Commissioner said that claimant's "failure to notify the employer within thirty days is excused for the reason that claimant was not aware of the cause of his disability until he had consulted the orthopaedic specialist." The Deputy Commissioner might have been more specific in this respect. However, it is equally, if not more reasonable to infer from his statement, when viewed in connection with all of the circumstances incident to the somewhat subtle injury which claimant's knee had undergone, that the Deputy Commissioner considered the formal notice, given on December 17, 1945, to have been within a reasonable time after claimant first actually felt that the accident on the previous May 4th was the cause of his disability, and had necessitated the operation upon his knee. But whichever interpretation be taken of the Deputy Commissioner's statement, we think the record in the case amply supports the latter interpretation.

The entire testimony of the claimant is evidenced by frankness and good faith. He held, at the time of the accident, a very responsible position as assistant superintendent at his employer's shipyard, in charge of several hundred men. He admitted that he saw no occasion to have his leg treated immediately after the accident on May 4th, because he thought he had probably suffered merely a slight sprain which would cure itself. Therefore, he did not seek any medical treatment from the Company until the middle of August, when he consulted the Company's doctor at the shipyard, who prescribed a linament which claimant applied to his knee. This doctor suggested that claimant see an orthopaedic surgeon, naming one. Claimant accepted this advice, but was unable to secure an appointment with the particular surgeon until the latter part of October, whereupon he asked to be referred to some other orthopaedic surgeon who might examine him at an earlier date. As a result, claimant did see another specialist the latter part of September, at whose direction he had X-ray pictures taken of his knee, and then this surgeon recommended an operation. Claimant was hospitalized and the operation performed October 25th. He was released from the hospital on October 31st.

When asked why he did not report the accident promptly after it occurred, he replied: "To be perfectly frank, I didn't even know it was an injury until after I was operated on,—that it was injured actually. I didn't know whether it was a bone disease. I knew I was hurt different times around the place in various ways, but I didn't actually feel sure it was an injury,—that I was injured." · He had continued to work for three months after the accident before he asked his employer for any treatment and said that, as late as August, he did not know what was really the cause of his knee condition. His employer's records show that he was sent a check for relief benefits while laid off from September 22 until December 25, 1945 on the theory that the cause of his disability had not arisen in the course of his employment, but that he had refused to accept the payment on this basis. This tender of compensation followed an attempt on the part of an employer representative to get the claimant to sign a statement disclaiming any injury in the course of his employment, which claimant refused to do. The date of these negotiations is not clear from the record, but apparently was some time in the early part of 1946.

On this state of the record we are not disposed to say that claimant was too dilatory in giving formal notice of his injury to his employer as late as December 17th. To summarize: We accept as correct the contention made on behalf of the employer that even though an employee be excused for satisfactory reason from giving notice within the prescribed thirty-day statutory limit, such reason being in the present case, as the Deputy Commissioner found and as we likewise find, claimant's ignorance, until after that period, of the true cause of his disability, the employee must, nevertheless, notify his employer within a reasonable time after the employee becomes cognizant of the cause of his disability. However, we are not prepared in the present case to say that it was unreasonable for claimant to wait forty-seven days after his release from the hospital, following the operation on his knee, before giving formal notice of his injury to

his employer. We believe this would be straining the principle that the provisions of the statute should, whenever reasonable, be interpreted favorably to the employee. The thirty-day statutory period is only controlling in situations which it actually governs. In others, it may be, but is not necessarily the appropriate measure to be applied. What would constitute too great a delay in the present case we are not called upon to state precisely. Suffice it to say we think a period not in excess of two months after claimant left the hospital not unreasonable.

In the present case there is not the slightest proof that the employer has been in any way prejudiced by the delay. The employer is not contesting the soundness of the award on any ground other than lack of proper notice. This single defense is a supertechnical one and, we believe, without merit under all the circumstances as disclosed by the record.

Accordingly, the findings and award of the Deputy Commissioner must be affirmed.