CRAWFORD'S CASE.

Penobscot.      Opinion October 20, 1928.

*Cornelius J. O'Leary, Arthur L. Thayer*, for petitioner.
*Ryder & Simpson*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, STURGIS, BASSETT, PATTAN-GALL, JJ.

STURGIS, J.    This appeal from an award of compensation by the Industrial Accident Commission must be sustained. Written notice

of the accident was not given to the employer within thirty days after the happening thereof, and the facts negative knowledge by the employer or its agent, or a mistake excusing delay. Sections 17, 18, and 20, of the Compensation Act, bar the maintenance of this proceeding.

The term "mistake," as used in the Act, has recently been construed by this Court in *Brackett's Case*, 126 Maine, 365. Relying on the fundamental principles that the "mistake" must be one of fact and not of law, and that a mistake of fact takes place either when some fact which really exists is unknown, or some non existent fact is supposed to exist, this rule is laid down: "When an accident results in an injury which remains latent for more than thirty days, the only immediate and perceptible result of the accident being so trivial that the injured person does not regard it as of material consequence and is reasonably justified in reaching that conclusion, he may be excused, on the ground of mistake, within the meaning of the word as used in Sec. 20, for failure to give notice of the accident as required in Section 17, provided that notice is given within a reasonable time after the latent injury becomes apparent."

Applying this test, the claimant's failure to give notice was not the result of "mistake." He fixes the date of his accident as Saturday, January 29, 1927. The following Monday he was unable to work and consulted his physician. The nature and results of his injuries were then clearly apparent and fully diagnosed, and there was no time thereafter, within the thirty days following January 29, that the claimant could be "reasonably justified" in questioning the nature, extent, or result of his injuries. If there was change, it was for the better, and has so continued to time of hearing.

The facts involved in this issue being undisputed, the decree of the Commission excusing the claimant's failure to give notice within the statutory period, on the ground of mistake, is an error of law subject to review by this Court. *Wardwell's Case*, 121 Maine, 216; *Brackett's Case*, supra. The error voids the claimant's award, and renders a consideration or determination of the legal character and cause of his incapacity unnecessary.

*Appeal sustained.*
*Decree reversed.*