Doryce M. Arndt (Employee)

*vs.*

Trustees of Gould Academy (Employer)

AND

Employers Liability Assurance Corporation
(Insurance Carrier)

Oxford.   Opinion, January 30, 1956.

*Berman & Berman,* for plaintiff.

*James R. Desmond,* for defendant.

Sitting: Fellows, C. J., Williamson, Webber, Beliveau,
Tapley, Clarke, JJ.

Beliveau, J.   On appeal.   This is an appeal from a *pro forma* decree in which the court approves the findings of the Industrial Accident Commission and orders that the petition for award of compensation be dismissed.

The sole and only issue here is notice to the employer within 30 days, as required by Section 20 of Chapter 31 of

the Revised Statutes or under Section 21 of the same chapter that, "the employer or his agent had knowledge of the accident."

It is admitted that the notice required by Section 20 was not given, but the petitioner contends that the requirements of Section 21 were met because the employer or its agent had knowledge of the accident.

Hearing was had before the Commission which found lack of notice, and lack of knowledge by the employer within the statutory period. An appeal was made to the Superior Court and there the presiding justice in a *pro forma* decree sustained the findings of the Commission.

The case is before this court on appeal from that decree. It is admitted that on the sixth day of February 1952 the employee received the injuries complained of while in the employ of the Trustees of Gould Academy. It is her claim that on the day after the accident she told a Mr. Richmond L. Roderick of the accident. At the time of the accident Mr. Roderick was Director of Physical Education and had charge of the men's division and the employee had charge of the women's division. While Mr. Roderick was her senior in point of service, he had no control over her department.

It seems evident from this, that knowledge on the part of Mr. Roderick was not that of the employer. As to knowledge by the defendant, Mr. Roderick testified that, probably the next day, as soon as he learned of the accident, he had some talk about it with Mr. Ireland, who was headmaster of Gould Academy and there is no evidence as just what information was given Mr. Ireland by Mr. Roderick. Mr. Ireland in a letter, admitted in the case, stated that he was not certain when he first knew of the accident but was sure of having heard about it when he retuned from Boston in January 1953.

The employee did nothing more about this situation until around Christmas 1952 or several months after the accident, when she consulted a physician. During this period she continued with her work at the institution, although she claims she was somewhat hampered by the injuries to her back.

The most damaging testimony in the case is her signed statement of January 28, 1953 that, "I didn't report this accident to anyone at the academy . . . . ." While in her testimony she attempts to explain this admission, that, with other evidence in the case, satisfied the Commission that her employer had no knowledge of the accident within the thirty-day period, as required by statute.

It has been repeatedly stated by this court that if there is any evidence to support the findings of the Commission they cannot be set aside. *Robitaille's Case,* 140 Me. 121.

Cases without number can be cited in support of this rule but the *Robitaille's Case* and *Bartlett's Case,* 125 Me. 374 are sufficient. The Commission was the trier of the facts and having sufficient evidence on which to base its findings this court cannot disturb or reverse the pro forma decree on which this appeal is based.

*Appeal dismissed.*

*Decree affirmed.*