SIMON FRANCIS
*vs.*
H. SACKS AND SONS, ET AL.

Aroostook.    August 20, 1964.

*James A. Bishop, Esq.*, for Plaintiff.

*Edward T. Richardson, Jr.*, for Defendant.

SITTING:   WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

WILLIAMSON, C. J.    This Workmen's Compensation case is before us on appeal from the *pro forma* decree of the Superior Court sustaining the dismissal of the employee's petition for compensation by the Industrial Accident Commission.

The decisive issue is whether the Commission erred in finding that there was not a "mistake of fact as to the cause

and nature of the injury," excusing late filing of the petition.

Workmen's Compensation Act, R. S., c. 31, § 33, reads in part:

> **"Sec. 33.—Time limitations for filing petitions.**
> An employee's claim for compensation under the provisions of this Act shall be barred unless an agreement or a petition as provided in section 32 shall be filed within one year after the date of the accident. Any time during which the employee is unable by reason of physical or mental incapacity to file said petition shall not be included in the period aforesaid. **If the employee fails to file said petition within said year because of mistake of fact as to the cause and nature of the injury, he may file said petition within a reasonable time not to exceed 2 years from the date of the accident."**

The sentence underscored was inserted in the section by P. L., 1957, c. 325.

On November 22, 1960, the employer filed a petition for "further compensation" alleging an injury "as follows: Hernia and ruptured intervertebral disk." The petition was subsequently dismissed without prejudice and on March 1, 1961 the present petition stating the injury to be "ruptured intervertebral disk" was filed. The employer's answer denying the allegations of the petition and setting up specifically that "said petition was not filed within a year following the date of the alleged accident and that said petition is, therefore, barred by the provisions of Sec. 33" was, to quote from the Commission's decree, "not filed within the statutory time for filing answers, but by the terms of Sec. 35 of the Act, we have granted further time for the filing of said answer."

In March 1963 the Commission, in dismissing the petition, said:

"We find this petitioner did not file his petition within the one year period following his accident of April 17, 1959. He may not be excused because of physical or mental incapacity to file a petition and we further find that the petitioner's failure to file said petition within one year after the date of accident was not due to a mistake of fact as to the cause and nature of his injury. Petition Dismissed."

The facts in substance are as follows:

On April 17, 1959, the employee tripped over a plank while carrying a bag of potatoes. His injury was stated in the "Agreement Between Employer and Employee as to Payment of Compensation" to be an "indirect [right] inguinal hernia." He was operated upon for the hernia on April 20, 1959. Compensation under the agreement was discontinued with the agreement of the employee on June 21, 1959. Obviously at this time the employee and the employer were of the opinion that incapacity had ended.

Shortly after the hernia operation the plaintiff suffered back and leg pains associated by his doctors with the hernia. The difficulty with the leg continued and for much of the time during the remainder of 1959 and 1960 he was unable to work. Finally after seeking medical advice, his surgeon, on performing an exploratory operation, removed a ruptured spinal disc caused by the accident of April 17, 1959.

The precise question is: Is there any evidence to support the finding of the Commission that the late filing was not because of mistake of fact by the employee as to (1) the cause, and (2) the nature of the injury, i.e., the ruptured disc? If so, the finding cannot be set aside. *Arndt v. Trustees Gould Academy, et al.*, 151 Me. 424, 120 A. (2nd) 218.

In the case at bar, we have one accident with two separate and distinct injuries: first, the hernia requiring sur-

gery, with apparently complete recovery, and second, the ruptured disc discovered 19 months after the accident upon exploratory surgery.

We are satisfied that the employee had reason to believe that his condition following the recovery from the hernia was not caused by the accident and that his belief was properly based on the opinions of his doctors. Not until he was so informed by his then doctor after the exploratory operation did the employee have reason to believe that the nature of hs injury was a ruptured disc caused by the accident. Surely the doctors were mistaken from the accident in April 1959 to the operation in November 1960. Simon Francis, the employee, an uneducated laborer, did not lose his right of compensation under the Act through failure to anticipate the findings of the doctors. He was mistaken, and so were the doctors. See *Great American Indemnity Co.* v. *Britton*, 179 F. (2nd) 60 (C. A.-D. C.); 2 Larson, Workmen's Compensation Law §§ 78.40, 41, 42, 44.

*Crawford's Case*, 127 Me. 374, 143 A. 464, held the Commission was in error in excusing the failure to give notice to the employer on the ground of mistake. The court said, at p. 376:

> "The term 'mistake,' as used in the Act, has recently been construed by this Court in Brackett's Case, 126 Maine, 365. Relying on the fundamental principles that the 'mistake' must be one of fact and not of law, and that a mistake of fact takes place either when some fact which really exists is unknown, or some nonexistent fact is supposed to exist, this rule is laid down: 'When an accident results in an injury which remains latent for more than thirty days, the only immediate and perceptible result of the accident being so trivial that the injured person does not regard it as of material consequence and is reasonably justified in reaching that conclusion, he may be excused, on the ground of mistake, within the meaning of the word as used in Sec. 20, for failure to give notice of the

accident as required in Section 17, provided that notice is given within a reasonable time after the latent injury becomes apparent.' "

"The nature and results of his injuries were [2 days after the accident] clearly apparent and fully diagnosed, and there was no time thereafter, within the thirty days following January 29, that the claimant could be 'reasonably justified' in questioning the nature, extent, or result of his injuries."

In *Burpee* v. *Town of Houlton, et al.*, 156 Me. 487, 166 A. (2nd) 473, we held that the employee was not excused for late filing of a claim under Section 33 when with knowledge of his injury he acted on the advice of his physician to sign no papers until his back was well. The case is at once distinguishable from the case at bar in that the cause and nature of the injury were not in issue.

The record points only to the conclusion that within the meaning of Section 33 there was mistake of fact by the employee as to the cause and nature of the injury. It follows that the claim was timely filed and the Commission was in error in dismissing the petition on this ground.

The employee is entitled to a decree based in part upon the finding that the employee "did sustain a personal injury by accident on April 17, 1959, resulting in a ruptured spinal disc."

The employee also contends that the Commission was in error first, in permitting the late filing of an answer raising the statute of limitations in violation of Section 35 and of Rule 9 of the Commission, and second, in not proceeding with the employee's claim on the original agreement for compensation duly made and approved by the Commission under Section 32.

In light of our decision on the merits, it is unnecessary that we consider the issues so raised.

The entry will be:

> *Appeal sustained. Remanded to Industrial Accident Commission for further proceedings not inconsistent herewith.*
>
> *Ordered that an allowance of $350 to cover fees and expenses of counsel plus cost of the record be paid by the employer to the employee.*