Scott A. SUTHERLAND

v.

PEPSI–COLA BOTTLING COMPANY.

Supreme Judicial Court of Maine.

May 30, 1979.

Allan Woodcock, Jr. (orally), Bangor, for plaintiff.

Norman & Hanson by John M. Wallach (orally), Portland, for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

DELAHANTY, Justice.

Aggrieved by a decision of the Workers' Compensation Commission, the employer secured a pro forma decree from the Superior Court, Penobscot County, and now prosecutes this appeal. Since we agree with the employer's position that the record fails to demonstrate that the employee gave adequate notice of injury as required by 39 M.R.S.A. § 63, we sustain the appeal and remand the case for further proceedings.

## FACTS

On January 26, 1977, the employee was working in the employer's bottling plant in Brewer, Maine, when he bent down to move a beer barrel with one hand and felt an immediate "twinge" in his back. Although he was able to continue working, chronic back pain persisted. On February 14, 1977, he consulted his personal physician, Dr. Edward Babcock. The doctor testified:

At that time he came in primarily for a fever and he had a flu like episode but at the same time he mentioned some soreness in the right buttock and upper posterior right thigh of several weeks duration. At the time it seemed like a minor complaint and I thought it was perhaps a muscle pull or perhaps even something related to his flu. And, I sent him home on a program consistent with treating the flu.

The record does not indicate whether the doctor informed the employee of his conjectures regarding the source of the back injury,[1] nor does it clearly indicate whether the employee told the doctor about the January 26 incident.

When the pain in his back continued and began to grow more intense, the employee returned to Dr. Babcock for another examination on March 28, 1977, roughly two months after he had felt the first "twinge." The employee now dated the onset of his back pain to the beer barrel incident. Two days later, an examination by Dr. Philip Kimball, an orthopedic surgeon recommended by Dr. Babcock, revealed an extruded lumbosacral disc. Surgical removal of the disc was accomplished, and the employee returned to work in late June of 1977.

The record discloses that the employer first learned of the injury on March 31, 1977, when the employee filed a workers' compensation form at the employer's office. At the hearing, the employee's supervisor was called and testified that prior to that date the employee "hadn't said a word to [him] about it."

The Commissioner held that the employee had sustained a work-related injury and found him totally disabled from March 30 until June 2, 1977, fifty percent disabled from then until October 4, 1977, and partially disabled thereafter, and on a permanent basis. Although the employer in its answer had affirmatively raised the question of the sufficiency of notice, the Commissioner made no findings of fact directly bearing on the issue, nor did he disclose why he concluded that the notice was in compliance with Section 63.

## DISCUSSION

We have consistently interpreted 39 M.R.S.A. § 99 as requiring the Commission to make known its findings of fact "in order to enable this court on appeal to determine whether competent evidence supports the commission's decision and whether its decree is based either upon a misapprehension of fact or a misapplication of law to the facts." *Dufault v. Midland-Ross of Canada, Ltd.,* Me., 380 A.2d 200, 203 (1977). Effective July 6, 1978, the Legislature amended Section 99 to give the Commissioner the option to not make findings of fact in the first instance. The amendment also preserved the right of any party to seek specific findings from the Commissioner by filing a motion within ten days after notice of the decision. 1978 Me. Acts ch. 632.[2]

---

1. The doctor did not volunteer any information on this subject at the hearing, nor was he questioned about it. Although at the Commission hearing the employee was asked to relate what the doctor had told him on February 14, a hearsay objection was sustained. The matter was not pursued.

2. The fourth sentence of Section 99 was amended as follows:

His decision, findings-of-fact-and-rulings-of law,-and-any-other-matters-pertinent-to-the question-so-raised shall be filed in the office of the commission, and a copy thereof attested by the clerk of the commission mailed forthwith to all parties interested or to the attorney of record of each party.

A second paragraph was also added which, in pertinent part, provides that

[t]he commissioner shall, upon the request of a party made as a motion within 10 days after notice of the decision, or may upon its own motion find the facts specially and state

■ Although the statute became effective at a time when the instant proceeding was pending (after hearings were completed but prior to the issuance of the Commission's decree), we hold that its provisions must govern. It has been held in Maine, *Batchelder v. Tweedie,* Me., 294 A.2d 443, 444 (1972); *Central Maine Power Co. v. Public Utilities Commission,* 150 Me. 257, 269, 109 A.2d 512, 518 (1954), as well as in other jurisdictions, *e. g., Turner v. United States,* 410 F.2d 837 (5th Cir. 1969); *Darrah v. Foster,* 355 S.W.2d 24 (Mo.1962), that "[p]rocedural statutes are . . . ordinarily applicable to pending actions." *Batchelder v. Tweedie, supra* at 444. Cf. *Diamond International Corp. v. Philip L. Gadbois & Sons, Inc.,* Me., 390 A.2d 1061 (1978). That the amendment in question effects merely a procedural change and not a substantive one is beyond question. The amendment neither enlarges nor constricts the substantive rights of either party; rather, its only purpose is to hasten the issuance of Commission decrees.[3] As such, it relates solely to the conduct of litigation and may therefore be safely classified as procedural.

■ Although the Legislature, by the 1978 amendment, clearly relieved the Commissioner of his duty to make findings of fact, it has given us little guidance in determining the standard of review in cases where the Commissioner has furnished us with neither his reasoning regarding a dispositive legal issue nor the findings of fact underlying that reasoning. It is significant, however, that the second paragraph of the amendment gives any party the right to move the Commissioner to make known his findings of fact and conclusions of law. Under this procedural structure, a party aggrieved by the Commissioner's failure to find facts has it within his power to correct the situation by demanding a reviewable decision for appellate consideration.

Where, as here, the party neglects to make use of this procedure, leaving us with little or no clue as to the reasons and factual findings supporting the decision, we deem it proper to sustain the Commissioner unless, resolving all questions of fact in favor of the Commissioner's decision, the record nevertheless fails to disclose any reasonable basis for doing so.

■ On the rather scanty record developed below, we are unable to construct a tenable theory of the evidence which would support the Commissioner's unspoken conclusion of due notice. In *Farrow v. Carr Brothers Co.,* Me., 393 A.2d 1341 (1978), which was decided after proceedings in the instant case were concluded, we interpreted Section 63 to require the employee to give notice within thirty days after the time when he became, or should have become, aware that (1) he had sustained an injury which (2) arose out of and in connection with his employment. To invoke a familiar refrain, the crucial questions are: (1) What did he know? and (2) When did he know it? In the case at bar, the evidence strongly suggests that on January 26, 1977, the date of the injury, the employee must have concluded that he was injured and that the injury was work related. He himself testified that he felt an immediate "twinge" in his back while bending down to perform a work-related task. The pain persisted and, indeed, gradually increased from the date of the injury up to the time the employee filed his claim form some sixty days later.

Had that been the sum total of the evidence in the case relevant to notice, we would have little hesitation in holding that the employee failed to discharge his burden of showing due notice. *Boober v. Great Northern Paper Co.,* Me., 398 A.2d 371 (1979). However, the testimony concerning the employee's February 14, 1977, consulta-

separately its conclusions of law thereon and file the appropriate decision if it differs from the decision filed before the request was made.

3. The statement of fact accompanying the bill amending Section 99 declared in pertinent part:

The purpose of this bill is to facilitate the making of Industrial Accident Commission decisions by giving commissioners an option to not make written findings of fact and conclusions of law. If a party to a dispute requested a written decision the commissioner would be required to make one.

tion with Dr. Babcock suggests that the employee could have been misled as to the source of his injury. The doctor testified that he had conjectured that the employee's back pain might have been the result of a muscle pull "or perhaps even something related to his flu." As was pointed out earlier, the record does not disclose whether Dr. Babcock voiced his conjectures to the employee, nor does it reveal whether at that time the employee discussed the January 26 "twinge" with Dr. Babcock.[4] Had the doctor told the employee that his back pain was merely a symptom of the flu, the Commissioner might well have concluded that the employee's failure to give timely notice was the result of a mistake as that term is defined in Section 64. *See Francis v. H. Sacks & Sons,* 160 Me. 255, 203 A.2d 42 (1964).

Inasmuch as *Farrow v. Carr Brothers Co., supra,* which clarified the starting point of Section 63's thirty-day notice period, was decided after the Commissioner had held hearings and entered his decree, we conclude that fairness to the parties demands that the case be remanded for further proceedings where the evidence relating to notice can be more fully developed.

The entry is:

Appeal sustained.

Pro forma decree of the Superior Court vacated.

Case remanded to the Superior Court with instructions to remand to the Workers' Compensation Commission for further proceedings consistent with this opinion.

It is further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses, for this appeal.

WERNICK, J., did not sit.