**Danny L. WING, Sr.**

v.

**A. C. ELECTRIC CORPORATION and St. Paul Fire & Marine Insurance Company.**

Supreme Judicial Court of Maine.

Dec. 13, 1979.

Hamilton, Hardy & Wolf by William P. Hardy (orally), Lewiston, for plaintiff.

Preti & Flaherty by Keith A. Powers (orally), Robert E. Burns, Portland, for defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.

NICHOLS, Justice.

This appeal addresses the standard of review to govern where a petition for award of compensation was dismissed by the Workers' Compensation Commission because the Commissioner who heard the evidence did not believe the worker's testimony as to how and where his injury had been sustained.

A pro forma decree of the Superior Court (Androscoggin County) affirmed the Commission's decision, and the worker has brought his appeal to this Court.

We affirm the judgment of the Superior Court.

On December 2, 1977, the Plaintiff, Danny L. Wing, Sr., petitioned for an award of compensation for an injury to his right arm. At hearing he testified before the Commis-

sion that on June 3, 1977, he banged his right elbow on a protruding object while working as a machinist at the plant of the Defendant, A. C. Electric Corporation, in Auburn, Maine. He testified that thereafter he was unable to bend the index and middle fingers on his right hand. He further testified that this and other symptoms interfered with his work to the point that he was discharged by his employer on July 8, 1977. After a three-week hiatus he found work as a trucker but worked with increasing symptoms until November 16, 1977, when he quit the new job to have surgery performed on his right arm. On November 22, 1977, the surgeon found and surgically repaired a "kink" in a nerve in the Plaintiff's right arm which controls the muscles of the index and middle fingers as well as the thumb. The Plaintiff was out of work, recuperating, for several months after this surgery.

The Defendants called the shop superintendent as their witness. He testified that the Plaintiff did not report the alleged injury for three days; that the Plaintiff claimed injury to his hand and not to his elbow; and that the Plaintiff told him he was unsure whether his injury occurred at work or at home.

■ The Commission "dismissed" the petition,[1] stating:

The fact finder in this case has considered carefully the testimony of the petitioner and notes many inconsistencies in his testimony with respect to the issue that the alleged personal injury arose out of and in the course of his employment. Added to this, the fact finder has considered the appearance of the petitioner on the stand and the manner in which his testimony was given and his reaction to questions raised on cross-examination. The fact finder does not believe the petitioner's story as it relates to the alleged personal injury arising out of and in the course of his employment.

---

1. When a petition is decided on its merits, as was this Plaintiff's, it would be better form to *deny*, rather than to *dismiss*, the petition. *Tib-*

*betts v. Tibbetts,* Me., 406 A.2d 78, 82 (1979). The error in nomenclature here, however, was inconsequential.

The Plaintiff argues that the decision is tantamount to a ruling that the Plaintiff did not sustain his burden of proof. *Guerrette v. Fraser Paper, Ltd.*, Me., 348 A.2d 260, 261 (1975). Because such a conclusory ruling does not provide an adequate basis for appellate review, he argues, 39 M.R.S.A. § 99 directs review of the ruling as a conclusion of law, which standard entitles this Court to make its own factual evaluations.[2] *Guerrette, supra.*

We addressed a similar problem in *MacKenzie v. H. Tabenken & Co., Inc.*, Me., 382 A.2d 1047, 1049 (1978). There the Commission had cited two areas of inconsistency in a petitioner's testimony as justifying its conclusion, "we are not convinced that the accident occurred as alleged in the Petition." There we held that the Commission's ultimate finding was equivalent to a conclusion that the employee's story was not believable, and that the inconsistencies therein were material to the Commission's ultimate finding. The test of the Commission's decision which we applied there was whether there was competent evidence to support the characterization of the testimony as inconsistent.

 We apply a similar test in considering the record now before us. In this matter the Commissioner pointed out an area of inconsistency upon which he grounded his ultimate finding that he did not believe the Plaintiff. We conclude from this record that the Commissioner was warranted in making that ultimate finding.[3]

Testimony by the shop superintendent revealed not one, but three, aspects of the Plaintiff's story that raised doubts as to the Plaintiff's veracity. Moreover, the Commissioner had an opportunity to observe the Plaintiff's demeanor as he testified before him.

We cannot reject the Commissioner's evaluation of the Plaintiff's testimony.

The entry will be:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for his counsel fees plus his reasonable out-of-pocket expenses incurred in this appeal.

GLASSMAN, J., did not sit.

---

2. 39 M.R.S.A. § 99 provides in pertinent part: [The Commissioner's] decision, in the absence of fraud, upon all questions of fact shall be final but whenever in a decree the commission expressly rules that any party has or has not sustained the burden of proof cast upon him, the said finding shall not be considered a finding of fact but shall be deemed to be a conclusion of law and shall be reviewable as such.

3. Even in those cases where this Court may review the record before the Commission and make its own findings of fact, which this case is not, an aggrieved party may be denied such relief unless that party moves for specific findings of fact by the Commission pursuant to 39 M.R.S.A. § 99.

In *Sutherland v. Pepsi Cola Bottling Co.*, Me., 402 A.2d 50, 52 (1979), the plaintiff argued (as does this Plaintiff) for review of findings under the standard for review of conclusions of law. We held that where he had failed to move for specific findings this Court would "sustain the Commissioner unless, resolving all questions of fact in favor of the Commissioner's decision, the record nevertheless fails to disclose any reasonable basis for doing so."