**Robin ROBERTS**

v.

**David W. SMITH, Jr.**

**and**

**Maine Bonding & Casualty Company.**

Supreme Judicial Court of Maine.

Argued April 29, 1980.

Decided June 30, 1980.

Preti, Flaherty & Beliveau by Keith A. Powers (orally), Portland, Preti, Flaherty & Beliveau by Albert Beliveau, Rumford, for plaintiff.

Richardson, Tyler & Troubh by Ronald D. Russell (orally), Portland, David W. Austin, Rumford, for defendants.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

ROBERTS, Justice.

On February 8, 1979, Ashley Kent Roberts was killed when a tree fell on him

while working in the woods as an employee of David W. Smith, Jr. The accident arose out of and occurred in the course of his employment. After a hearing before the Workers' Compensation Commission on May 19, 1979, an award of compensation was granted to Robin Roberts, a surviving widow of Ashley Roberts, under 39 M.R.S.A. §§ 58, 59. Following the entry of a pro forma decree in the Superior Court, Smith and his insurer, Maine Bonding & Casualty Company, appealed to this court and assert as their single issue an error in the computation of average weekly wage under 39 M.R.S.A. § 2(2)(C). We affirm the judgment.

Because our repeated warnings to counsel go unheeded, we commence our discussion of this case by commenting on the state of the record. The transcript of the hearing before the Commissioner reveals twenty-two pages of colloquy about whether or not Maine Bonding & Casualty Company was a proper party, followed by two pages of testimony from the petitioner, and concluding with some colloquy about medical reports which are not in the record and about a schedule of wages which has since been added to the Commission's record. The transcript contains a reference to "a comparable wage schedule" then in the office of defendant Smith's counsel. The record on appeal contains a transmittal letter indicating that the wage schedule contains nine pages, whereas, on the face of the exhibit it is identified as being five pages. This wage schedule as reproduced in the appendix is often illegible. No findings were requested or made other than the Commissioner's determination of an average weekly wage of $184.17. 39 M.R.S.A. § 99. On this record the defendants ask us to conclude that the Commissioner erred as a matter of law by including in his computation of average weekly wage those amounts paid as "chain saw allowance." [1]

 Because Ashley Roberts had not worked long enough to establish an average weekly wage, the Commissioner apparently relied on evidence consisting of the payroll records of four other employees employed by David Smith as loggers in 1978. 39 M.R.S.A. § 2(2)(C). Although the exhibits are almost illegible, the parties agree that the amount of average weekly wage computed by the Commissioner is greater than the average weekly wage of other employees exclusive of the chain saw allowance and less than the average weekly wage of the same employees with the chain saw allowance included. Under the provisions of § 2(2)(C) the Commissioner was required to determine the "weekly earning *capacity* of [the decedent] . . . *having regard to* the previous wages of [the decedent] and of other employees . . . ." (Emphasis added.) *See Landry v. Bates Fabric, Inc.,* Me., 389 A.2d 311, 313 (1978). It was not necessary that his computation reflect an exact average of other employees' actual earnings. On the record before us, we cannot say that the Commissioner's determination was unsupported by competent evidence. *See Sutherland v. Pepsi-Cola Bottling Co.,* Me., 402 A.2d 50, 52 (1979).

 Petitioner has argued that the chain saw allowance, which was arbitrarily set at fifty cents for every one dollar of weekly pay, does not represent actual expense reimbursement. She suggests, therefore, that some portion of the chain saw allowance represents actual compensation, and is properly includable in the calculation. *See* 2 A. Larson, *Workmen's Compensation Law* § 60.12 (1976). We cannot determine whether the Commissioner may have adopted the petitioner's argument. Since counsel failed to request specific findings, we do not speculate as to the means by which the Commissioner may have arrived at the decedent's weekly earning capacity. *See Nadeau v. Town of South Berwick,* Me., 412 A.2d 392 (1980). We simply say that the determination is within the range of compe-

---

1. 39 M.R.S.A. § 2(2)(E) provides:
 Where the employer has been accustomed to pay to the employee a sum to cover any special expense incurred by said employee by the nature of his employment, the sum so paid shall not be reckoned as part of the employee's wages, earnings or salary.

tent evidence and we will not disturb it on appeal.[2]

The entry is:

Appeal denied.

Pro forma decree affirmed.

Further ordered that the employer pay to the petitioner an allowance for counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.

All concurring.

2. The parties concede that ch. 367 of P.L. 1979, effective September 14, 1979, is not applicable herein. That amendment excluded the chain saw allowance from average weekly wage as defined by § 2(2)(A). We intimate no opinion as to its impact on § 2(2)(C) or § 2(2)(E).