**Darcia WHITE**

v.

**FORSTER MANUFACTURING CO. and Fred S. James & Co. of Maine, Inc.**

Supreme Judicial Court of Maine.

Argued Sept. 12, 1980.

Decided Oct. 16, 1980.

Cloutier, Joyce, Dumas & David, Patrick E. Joyce (orally), Livermore Falls, for plaintiff.

Norman & Hanson, Mark G. Lavoie, John Wallach (orally), Portland, for defendants.

Before McKUSICK, C. J., GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ., and DUFRESNE, A. R. J.

NICHOLS, Justice.

This appeal presents in sharp focus a challenge to our rule—clear beyond cavil—that so long as the fact finder had a ration-

al basis in the record for its findings of fact, those findings will not be disturbed by an appellate court.

Darcia White had petitioned for an award of workers' compensation, alleging that on November 13, 1978, while in her fourth week of employment as a floor–girl by Forster Manufacturing Company at Wilton she sustained a work–related injury when, standing on a two–foot high stool provided by her employer, the stool collapsed and she fell, injuring her lower back. When, after hearing, the Workers' Compensation Commission "dismissed"[1] her petition she did not request of the Commission its findings of facts and conclusions of law pursuant to 39 M.R.S.A. § 99, but seasonably appealed to this Court from a *pro forma* judgment of Superior Court (Franklin County) affirming the Commission's dismissal of the petition.

We affirm that judgment.

There was evidence that four days before the alleged accident Darcia White had told the plant manager she had slipped on the steps at her home and had "a sore back." She thereupon left work, ostensibly to see her family doctor, and did not return to work until the next day. At hearing on this petition Darcia White testified that in order to get a day off from work she had falsified this statement as to a fall at home on November 9 and as to a visit to the family doctor.[2] She asserted that she had no back problem until the alleged fall at work on November 13. The Commissioner found the testimony by Darcia White as to a work–related injury was "not credible" and declined to accept in support of her claim for compensation "the testimony of an admitted liar."

Two operators apparently heard a noise, and the supervisor observed a broken stool, but the Petitioner produced no witness who saw her fall. Her supervisor stated that he could find neither a witness to the fall nor anyone who saw her getting up from a fall.[3]

It is not for us as an appellate court to indicate what on this record our decision on the factual question might have been. It is our duty to sustain the Commission unless, resolving all doubts in favor of the Commission's decision, the record "nevertheless fails to disclose any reasonable basis for doing so." *Sutherland v. Pepsi–Cola Bottling Company*, Me., 402 A.2d 50, 52 (1979).

The Petitioner neither produced any corroborating witness nor did she avail herself of the opportunity afforded by 39 M.R.S.A. § 99 to obtain from the Commission its findings of fact in order to enable this Court to determine whether its decree was based upon a misapprehension of fact or a misapplication of law to the facts.

Upon the record before us we cannot say that the Commission's determination was clearly erroneous.

The entry will be:

Appeal denied.

Judgment affirmed.

It is ordered that the employer pay to the employee an allowance of $550.00 for her counsel fees plus her reasonable out–of–pocket expenses incurred in this appeal.

All concurring.

---

1. When a petition is decided on the merits, as was this worker's, it should be *denied*, and not *dismissed*. *Wing v. A. C. Electric Corp.*, Me., 408 A.2d 1006, 1007 (1979).

2. The Petitioner testified "I hadn't worked my 30 days and I needed a very good excuse in order to take a day off."

3. On the day of the alleged injury at work the Petitioner said she visited "the hospital" and saw a doctor; two days later she saw a physician extender. She did not call either as a witness at the hearing. The physician who examined her on November 24 was called; he testified that he found a great deal of tenderness in the joint between the sacrum and the coccyx.