STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-29
DHM-KEN-3/25/2004

MAINE EMPLOYERS MUTUAL
INSURANCE COMPANY,

Petitioner

v.

DECISION AND ORDER

STATE OF MAINE WORKERS'
COMPENSATION BOARD,

Respondent

and

DONALD L.
LAW

PAMELA D'ANDREA-TRIPP,

MAY 26 2004

Party-in-Interest

This matter is before the court on petition of a workers 'compensation insurance carrier for judicial review in accordance with 5 M.R.S.A. § 11002 and M.R. Civ. P. 80C.

The Workers' Compensation Board assessed a penalty against an employee who had received a workers' compensation award for intentional misrepresentation but refused to order repayment of the compensation paid. The petitioning insurance company seeks repayment of the compensation.

In 1996, Pamela D'Andrea-Tripp was assigned to work at a Regional Waste Systems recycling center pursuant to the work release program through the Windham Correctional Facility. On August 19, 1996, she was in an accident at her workplace, wherein she was sorting cans when her arm got caught between some dumpsters, apparently as a result of the activities of a forklift operator, causing her to fall and become pinned between two bins. She bruised her left arm and face and suffered some compression in the buttocks area. Ms. D'Andrea-Tripp received benefits from her

employer/insurer from the date of the injury until October of 2001 when the benefits were discontinued. At the time of her injury, Ms. D'Andrea-Tripp did not mention her extensive history of back problems to the physicians and surgeons who treated her.

Ms. D'Andrea-Tripp's employer filed a Petition for Penalties and repayment of all weekly benefits on October 24, 2001, pursuant to 39-A M.R.S.A. § 360. Evidentiary hearings were held on August 1st and November 18th, 2002. The Chief Hearing Officer issued a Decision dated April 4, 2003 finding that Ms. D'Andrea-Tripp had engaged in intentional misrepresentation and fined her $1,000 (penalty) but did not order repayment of benefits.

On May 22, 2003, Maine Employers Mutual Insurance Company ("MEMIC") timely filed a Petition for Review of Final Agency Action pursuant to 5 M.R.S.A. § 11002 and M. R. Civ. P. 80C averring errors of law, abuse of discretion, a decision unsupported by the evidence and a failure to provide sufficient findings of record.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206 ¶9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶6, 703 A.2d 1258, 1261 (Me. 1997)). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on

appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.*

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

"When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result." *Maine Bankers Ass'n*, 684 A.2d at 1306 (citing *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995)).

Petitioner argues that respondent's decision denying any repayment of compensation to petitioner is based upon insufficient findings, was an abuse of discretion, contained errors of law and was unsupported by the evidence. Petitioner also argues that this case involves an abuse of discretion similar to that in a case decided in this court in 1991. *North End Marine & Fiberglass Engineering, Inc. v. Workers Compensation Commission*, CV-90-1645 (Me. Super. Ct. Cumberland County, May 31, 1991) (Alexander, J.).

Asserting that the Board had clearly established that Ms. D'Andrea-Tripp was not truthful when she failed to disclose her prior history of back problems, petitioner asserts that the Board failed to make sufficient findings on the issue of whether Ms. D'Andrea-Tripp committed fraud. Petitioner asserts that this court may grant relief when an agency fails to make sufficient findings upon which to base appellate review. Citing *Harrington v. Town of Kennebunk*, 459 A.2d 557, 562 (Me. 1983) ("the remedy for an agency's failure to act on all matters properly before it or to make sufficient and clear findings of fact is a remand to the agency for findings that permit "meaningful judicial review.") quoting *P.H. Chadbourne & co. v. Inhabitants of the Town of Bethel*, 452 A.2d 400, 408 (Me. 1982). Without these findings, petitioner asserts, this court cannot conduct a meaningful review.

Respondent replies by first asserting that petitioner has waived the above argument by not filing a motion for findings of fact and conclusions of law regarding the Hearing Officers decision pursuant to 39-A M.R.S.A. § 318. Respondent argues that absent contrary findings of fact or conclusions of law this court must assume the Hearing Officer knew the law and applied it correctly. *Morton v. Greater Portland Transit District*, 440 A.2d 8, 10 (Me. 1982) ("Because the employee did not request findings of fact, we must resolve all questions of fact in favor of the commissioner's decision. That decision can be vacated only if it is not supported by any reasonable interpretation of the record.")

Title 39-A M.R.S.A. § 318 provides:

The hearing officer, upon the motion of a party made within 20 days after notice of the decision or upon its own motions, may find the facts specially and state separately the conclusions of law and file the appropriate decision if it defers from the decision filed before the request was made.

Nothing in that language mandates that the hearing officer must make findings of fact and conclusions of law. Further, there is no indication in the statutory provision that a request for the same must be made by a party seeking judicial review, the failure of which constitutes a waiver.

Respondent further argues that the findings the Board made are sufficient for this court to conduct meaningful appellate review. Pointing out the much higher standard for fraud (as opposed to intentional misrepresentation) respondent notes that while the Board found misrepresentation it also found mitigating factors including the fact that Ms. D'Andrea-Tripp sustained an injury and a significant aggravation of her preexisting condition and the finding by the Board that Ms. D'Andrea-Tripp did not have a job prior to her work for the employer and her history of substance abuse, convictions and other problems. Respondent asserts that no further findings regarding ability to pay were required.

The difficulty with respondent's position is that the hearing officer made no finding one way or the other with respect to the allegations of fraud. The decision, therefore, becomes ambiguous inasmuch as she assessed the maximum statutory penalty without articulating a basis for that conclusion in the record. Nor did she explain the factual basis for the intentional misrepresentation. The testimony of the employee was inconsistent and in some cases contrary to the medical records. "It is an indispensable prerequisite to effective judicial review that an agency's decision set forth the findings of basic fact as well as the conclusions of ultimate fact and conclusions of law derived therefrom." *Harrington v. Town of Kennebunk*, 459 A.2d at 562 (Me. 1983), citing *Gashgai v. Board of Registration in Medicine*, 390 A.2d 1080 (Me. 1978).

Petitioner argues that the Board abused its discretion and made an error of law by finding that the mention of prior pain to a physical therapist was a mitigating factor.

Since this admission of prior pain was not passed on to the employer or insurer before they began paying. The disclosure to the therapist was irrelevant and should not have been relied on as a mitigating factor. Petitioner also asserts that the admission of prior pain contained inaccuracies.

Respondent replies that the disclosure is properly relied upon and that its accuracy is documented by prior medical records. Respondent answers petitioners argument that it was not informed of this admission by asserting that petitioner is attempting to shift the burden and has not established that it did not have this record in its possession. Respondent asserts that "it was its burden to establish that the record was not sent to it" and that petitioner has failed its burden to establish that it did not have this record in its possession.

Respondent also asserts that the material fact of a pre-existing condition is not central to whether or not the employee would have been entitled to benefits. Respondent makes this assertion despite the fact that the existence of a pre-existing condition was central to finding intentional misrepresentation and assessing the $1,000.00 fine.

In the end, respondent asserts, this information was in the record transmitted to respondent and benefits could have been discontinued via a 21-day letter pursuant to 39-A M.R.S.A. § 205(9) of the Maine Workers Compensation Act.

Essential to a determination of the issues before the Board in this proceeding was an expert determination of the role, if any, of any preexisting injury or condition in the treatment by health care providers as a result of this compensable injury and the ultimate effects therefrom. Title 39-A M.R.S.A. § 201 requires compensation to be paid by an employer or its insurer if an employee receives a personal injury arising out of and in the course of employment. Section 201(4) provides that, "If a work-related injury

aggravates, accelerates or combines with a preexisting physical condition, any resulting disability is compensable *only if contributed to by the employment in a significant manner.* (Emphasis supplied). Therefore, the preexisting medical history is particularly important as affecting two factors in a compensation award. First, the diagnosis and method of treatment by the health care providers, which may be at the expense of the insurer, and secondly, the degree to which an award is made by a finding that the aggravation of a previous condition is "contributed to by the employment in a significant manner."

Petitioner cites to *North End Marine & Fiberglass Engineering, Inc. and Hanover Insurance Company v. The Maine Workers' Comp. Comm.,* CV-90-1645 (Me. Super. Ct., Cumberland County, May 31, 1991). Petitioner asserts that significant among the similarities is the lack of finding at hearing of an ability to repay and findings as to the full extent of medical problems. Most important, from petitioner's perspective, is the failure of the Commission to order any repayment to the insurer of benefits.

Respondent disputes the significance of similarities, noting that in *North End Marine* the employee returned to work, misrepresented his capacity, hid income and had an apparent ability to repay. Here, respondent asserts it is clear that Ms. D'Andrea-Tripp continues to suffer significant incapacity and has not attempted to defraud for continuing benefits. Ms. D'Andrea-Tripp's benefits were cut off as of 2001 and unlike *North End Marine* mitigating factors were found in her case.

It is clear that the factual situation is much more aggravated in the *North End* situation then exists here. However, while the *North End* board found fraud, this board has made no finding with respect to fraud but has found intentional misrepresentation and imposed the maximum penalty. Under those circumstances and without any determination of Ms. D'Andrea-Tripp's ability to repay, this court agrees that it is an

abuse of discretion for the Workers' Compensation Commission hearing officer not to order repayment of some or all of the benefits paid or, if not, make specific findings of fact justifying such a conclusion. The court is not satisfied that the elements of mitigation found by the hearing examiner is sufficient.

While it is clear that Ms. D'Andrea-Tripp engaged in intentional misrepresentation, it is not clear, and cannot be clear from the record if she engaged in fraud. There is a possibility that fraud occurred and the proper level of benefits were not paid, even given the injury sustained. A remand to the Board for a determination of whether the preexisting injury should have affected benefits and whether Ms. D'Andrea-Tripp committed fraud and that determination's effect on possible repayment is in order.

The entry will be:

The decision of the State of Maine Workers' Compensation Board dated April 23, 2003, in the matter of Pamela D'Andrea (employee) v. Regional Waste Systems (employer) and Maine Employers Mutual (insurer) is REVERSED; the matter is REMANDED to the Workers' Compensation Board for further proceedings to make appropriate determinations of fact and conclusions of law consistent with this decision and to order such repayment if founded upon substantial evidence in accordance with law.

Dated: March 26, 2004

Donald H. Marden
Justice, Superior Court

Date Filed ___ 5/22/03 ___ ___ Kennebec ___ Docket No. ___ AP-03-29 ___

County

Action ___ 80C Appeal ___

## J. MARDEN

Maine Employers Mutual Insurance Co.                State of ME. Workers'
                                                    Compensation Board

                                            vs.  Pamela D'Andre-Tripp, Party in Interest

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John Chapman, Esq.<br>PO Box 168<br>Portland ME 04112-0168 | Edward Rabasco, Jr., Esq. (party in inter<br>86 Lisbon Street<br>P.O. Box 1081<br>Lewiston, Maine 04243-1081<br>- John C. Rohde, Esq.<br>27 State House Station<br>Augusta, Maine 04333-0027<br>Stephen Sucy, AAG (ME Worker's Comp.)<br>6 State House Station<br>Augusta, ME 04333-0006 |

| Date of Entry | |
|---|---|
| 5/22/03 | Petition for Review of Final Agency Action along with attached exhibits, filed.  s/J. Chapman, Esq.<br><br>Case File Notice issued to J. Chapman, Esq. |
| 5/29/03 | Letter entering appearance, filed. s/Rabasco, Jr., Esq.<br>Answer, filed. s/Rabasco, Jr., Esq. |
| 6/10/03 | Statement of Respondent, Maine Workers' Compensation Board, Puusuant to 5 M.R.S.A 11005, filed. s/Rohde, Esq. |
| 6/10/03 | Original certified mailings with return service made upon Edward Rabasco Pamela D'Andrea on 5/22/03.<br>Original certified mailings with return service made upon the Workers Compensation board and the Office of the AAG on 5/23/03. |
| 6/19/03 | Certificate of Administrative Record, Vols. 1,2,3 **(in vault)** |
| ------ | Notice and Briefing Schedule mailed to attys. of record. |
| 6/30/03 | Notice of Appearance on behalf of Maine Workers' Compensation Board, filed.  s/S. Sucy, AAG.  (filed 6/23/03) |
| 7/25/03 | Application for Enlargement of Time to File Brief, filed. s/Chapman, Esq.<br>Affidavit of John W. Chapman, Esq.<br>Proposed Order on Application for Enlargment of Time, filed. |
| 7/29/03 | ORDER ON APPLICATION FOR ENLARGEMENT, Marden, J.<br>Time enlarged to August 5, 2003.  Copies mailed to attys of record. |
| 8/5/03 | Petitioner's Brief, filed. s/Chapman, Esq. |
| 9/5/03 | Brief of Respondent State of Maine Workers' Compensation Board, filed. s/Sucy, AAG<br>Defendant's Motion to Dismiss Pursuant to M.R.Civ.P. 12(b)(1), filed. s/Sucy, AAG |
| 9/25/03 | Memorandum in Opposition to Motion to Dismiss, filed. s/Chapman, Esq. |